UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MILAGROS ENCARNACION,<br><br>             *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>             *Defendant*. | Civil Action No. 23-cv-3901 (MEF)(JRA)<br><br>**OPINION and ORDER** |

I.    **Background**
    A.    **The Lawsuit**
    B.    **The Motion**
    C.    **The Court's Approach**

II.    **Legal Principles**
    A.    **Immunity and Waiver**
    B.    **The Federal Tort Claims Act: In General**
    C.    **The Federal Tort Claims Act: The Presentation Requirement**

III.    **Presentation**
    A.    **The Notice of Claim**
        1.    **"Sum Certain"**
        2.    **Police Report**
    B.    **The Insurer's Letter**

IV.    **Conclusion: Lack of Jurisdiction**

A pedestrian was hit by a postal truck, and sued the United States.

The United States moved to dismiss, because the pedestrian did not properly present her claim to a federal agency before suing.

The motion is granted.

\*   \*   \*

## I. Background

### A. The Lawsuit

While crossing the street, a pedestrian[1] was allegedly hit by a United States Postal Service truck. See Complaint ¶ 11.

She was injured, see id. at ¶ 13, and sued the United States under the Federal Tort Claims Act. See id. at ¶¶ 2, 5, 7-13.

### B. The Motion

The United States now moves for summary judgment.

Its argument: the Federal Tort Claims Act requires plaintiffs to "present[]" their claims to a federal agency before suing, see 28 U.S.C. § 2675(a), but the Plaintiff[2] did not properly do so. See Defendant's Memorandum of Law in Support of its Motion for Summary Judgment ("Motion for Summary Judgment") at 1, 4-10.

The motion is before the Court.

### C. The Court's Approach

The Court analyzes the motion in three parts.

As an initial matter, the Court lays out the key legal principles in play. Under these, the Plaintiff could sue the United States only if she first "presented" her claim to a federal agency in the way set out in the Federal Tort Claims Act. See Part II.

Next, the Court assesses whether the Plaintiff did so. The Court's conclusion: she did not. See Part III.

---

[1] Milagros Encarnacion.

[2] The Plaintiff is the above-referenced pedestrian, Milagros Encarnacion.

Therefore, the Court determines the United States is immune from suit here and this case must be dismissed. See Part IV.

## II.  Legal Principles

### A.  Immunity and Waiver

"[T]he United States, as sovereign, is immune from suit[.]." Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (cleaned up).

But the United States can opt to give up its immunity. And when it does, it can be sued. See Maine Cmty. Health Options v. United States, 140 S. Ct. 1308, 1327 (2020); United States v. Bormes, 568 U.S. 6, 10-11 (2012).

### B.  The Federal Tort Claims Act: In General

The United States waived some of its immunity in the 1946 Federal Tort Claims Act.

The Plaintiff seeks to sue under that waiver. See Complaint ¶ 5.

Proceeding that way is a good fit.

The Federal Tort Claims Act "is the exclusive remedy against the United States for tort claims arising out of the wrongful acts of Government employees acting within the scope of their employment." Lichtman v. United States, 316 F. App'x 116, 120 (3d Cir. 2008).

And that is what the Plaintiff, pressing a "tort claim[]," says happened here --- a postal service worker (a "Government employee[]") who was driving a postal service truck ("acting within the scope of their employment") hit her with his truck. See Complaint ¶¶ 2, 8-11.

### C.  The Federal Tort Claims Act: The Presentation Requirement

To take advantage of the Federal Tort Claims Act's waiver of the United States' sovereign immunity, a plaintiff must first take certain steps.

One is relevant here. Per the Act:

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal

3

> injury . . . caused by the negligent . . . act . . . of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency[.]

28 U.S.C. § 2675(a).

There is a tight time limit for this. The claim must be "presented" within two years of its accrual --- otherwise, no Federal Tort Claims Act lawsuit can go forward. See 28 U.S.C. § 2401(b); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) ("a claimant must have first presented the claim . . . within two years after its accrual, to the appropriate federal agency").

The question here: did the Plaintiff properly "present[]" her claim during the relevant two-year period?

The Court takes up that question in the next Part.

### III. Presentation

The Plaintiff was allegedly hit by a Postal Service truck on February 7, 2020. See Statement of Material Facts Not in Dispute Pursuant to Local Civil Rule 56.1 ("Defendant's Rule 56 Statement") ¶ 1.

This means she had until around February 2022 to "present[]" her claim. See 28 U.S.C. 2675(a).

During that two-year period, the Plaintiff points to two things that, she argues, satisfied her obligation.

The first: a notice of claim sent by her then-lawyers to the Postal Service in February of 2020. See Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment ("Opposition Brief") at 2, 4-5.

The second: a letter provided to the Postal Service by an insurance company indicating that the Plaintiff "had incurred $10,000 in medical expenses[.]" Opposition Brief at 5.

Take these below, each in turn.

4

**A.   The Notice of Claim**

**1.   "Sum Certain"**

As to the February 2020 notice of claim, start with a critical legal principle.

"To be properly presented to the federal agency, [a Federal Tort Claims Act] damages claim must be for a sum certain." Deutsch, 67 F.3d at 1091.

The Third Circuit has tightly hewed to this "sum certain" interpretation of the Federal Tort Claims Act, in a consistent line of cases handed down over 50 or so years. See Boseski v. N. Arlington Mun., 621 F. App'x 131, 135 (3d Cir. 2015); Hoffenberg v. United States, 504 F. App'x 81, 83 (3d Cir. 2012); Hause v. United States, 378 F. App'x 158, 159 (3d Cir. 2010); Bruno v. U.S. Postal Serv., 264 F. App'x 248, 248 (3d Cir. 2008); Medina v. City of Philadelphia, 219 F. App'x 169, 172 (3d Cir. 2007); Deutsch, 67 F.3d at 1091; Livera v. First Nat. State Bank of N.J., 879 F.2d 1186, 1195 (3d Cir. 1989); Commonwealth of Pennsylvania v. Nat'l Ass'n of Flood Ins., 520 F.2d 11, 21 (3d Cir. 1975), overruled on other grounds, Commonwealth of Pennsylvania v. Porter, 659 F.2d 306 (3d Cir. 1981); Bialowas v. United States, 443 F.2d 1047, 1050 (3d Cir. 1971).[3]

Virtually every other Court of Appeals has come to roughly the same conclusion as the Third Circuit --- that a damages claim, to be "presented" as required by the Federal Tort Claims Act, see 28 U.S.C. 2675(a), must lay out a sum certain. See Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008); Blakely v. United States, 276 F.3d 853, 865 (6th Cir. 2002); Blair v. I.R.S., 304 F.3d 861, 865 (9th Cir. 2002); Ahmed v. United States, 30 F.3d 514, 516-17 (4th Cir. 1994); Slaaten v. United States, 990 F.2d 1038, 1041 (8th Cir. 1993); Kokaras v. United

---

[3] The Circuit's District Courts have routinely applied a sum certain understanding of the Federal Tort Claims Act. See Perry v. OCNAC #1 Fed. C.U., 423 F. Supp. 3d 67, 76 (D.N.J. 2019); Owen v. United States, 307 F. Supp. 2d 661, 664 (E.D. Pa. 2004); Jama v. U.S. I.N.S., 22 F. Supp. 2d 353, 367 (D.N.J. 1998); Schwartzman v. Carmen, 995 F. Supp. 574, 576 (E.D. Pa. 1998); Danowski v. United States, 924 F. Supp. 661, 665 (D.N.J. 1996); Le Grand v. Lincoln, 818 F. Supp. 112, 115 (E.D. Pa. 1993); Farr v. United States, 580 F. Supp. 1194, 1196 (E.D. Pa. 1984); Robinson v. United States, 563 F. Supp. 312, 314 (W.D. Pa. 1983).

States, 980 F.2d 20, 22 (1st Cir. 1992); Bradley v. United States, 951 F.2d 268, 270 n.2 (10th Cir. 1991); GAF Corp. v. United States, 818 F.2d 901, 919 n.17 (D.C. Cir. 1987); Adams v. U.S. Dep't of Hous. & Urb. Dev., 807 F.2d 318, 320-21 (2d Cir. 1986); see generally Adams v. United States, 615 F.2d 284, 292 (5th Cir. 1980) ("[the relevant statute] anticipates that the claim will be for a definite amount"), decision clarified on denial of reh'g, 622 F.2d 197 (5th Cir. 1980); cf. Chronis v. United States, 932 F.3d 544, 547 (7th Cir. 2019) (sum certain is required, but does not necessarily have to be a specific number).

In short: the sum certain requirement is built deep into the bedrock of judicial interpretation of the Federal Tort Claims Act, in the Third Circuit and throughout the country.[4]

Did the Plaintiff's notice of claim comply with the sum certain requirement?

The Court's conclusion: it did not.

---

[4] The sum certain obligation was not obscure here. A few weeks after the Plaintiff filed her notice of claim, through her then-lawyer, she received a letter back from the Postal Service:

> [Your] letter of February 27, 2020 does not constitute a valid claim under the Federal Tort Claims Act; therefore, it cannot be considered by this office . . . . [E]ach claim should state . . . a **'sum certain'** amount for injuries or losses . . . . Please note that 'sum certain' is the term used to identify the amount of damages the claimant seeks to resolve the dispute . . . . Until a valid claim is received, the statute of limitations . . . continues to run.

Herbst Decl., Ex. B at 1-2. The letter then provided directions as to how to re-file a claim. See id. The Plaintiff did not respond until well after the end of the two-year Federal Tort Claims Act period. See Herbst. Decl., ¶ 9; see generally 28 U.S.C. § 2401(b).
6

The notice of claim contained no information as to the damages the Plaintiff would be seeking,[5] or even the range of those damages[6] or their maximum extent.[7]

A rough or general estimate along those lines might well have been enough. But none was provided.

Bottom line: by submitting the notice of claim, the Plaintiff did not comply with the Federal Tort Claims Act's sum certain requirement.

### 2. Police Report

The Plaintiff also notes that she attached to her notice of claim a police report, and argues that it satisfied the presentation requirement. See Opposition Brief at 4-5.

---

[5] See Kokaras v. United States, 980 F.2d 20, 23 (1st Cir. 1992) (claim can go forward based on a specifically-requested amount of property damages); Blair, 304 F.3d at 866 (claim can go forward based on a specifically-requested amount of wage loss damages); Acevedo v. United States, 2024 WL 772575, at *8 (D.N.J. Feb. 26, 2024) (claim can go forward based on a specifically-requested amount of property damages).

[6] See A.M.L. v. United States, 61 F.4th 561, 565-66 (8th Cir. 2023) ("the expression of a range complies with the statute's requirements [of presenting a sum certain] because it presents the maximum value of the claim"); Rucker v. U.S. Dep't of Lab., 798 F.2d 891, 893 (6th Cir. 1986) (plaintiff sufficiently stated a sum certain where his form listed damages "in excess of $10,000-450,000").

[7] See Zurba v. United States, 318 F.3d 736, 743 (7th Cir. 2003) (stating "the underlying purpose of § 2675(b) is to put the government on notice of its maximum potential exposure to liability," and allowing plaintiff to recover full amount of maximum requested damages); McDonald v. United States Postal Serv., 582 F. Supp. 3d 682, 688 (D. Ariz. 2022) (plaintiff could claim cumulative total of claims asserted because the purpose of the statute "is to put the government on notice of its maximum potential exposure to liability") (cleaned up); cf. Low v. United States, 795 F.2d 466, 471 (5th Cir. 1986) (the statute "should be interpreted so that the government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions") (cleaned up).

7

The report contains a short from-the-scene description of the Plaintiff's injuries, as provided by the responding officers. It notes the Plaintiff was "unconscious and bleeding" and "unable to submit a statement." Opposition Brief, Ex. A at 5, 8.

But "a plaintiff must state a specific sum or information . . . from which a specific amount could be computed." Bruno, 264 F. App'x at 249 (cleaned up).

And there is no reasonably precise way to "compute[]" what a person's ultimate injuries and expenses might be from knowing that she was hit by a vehicle, knocked unconscious, and bleeding. The range of long-term medical outcomes that could eventually flow from this is too broad to support anything akin to a "sum certain" damages "comput[ation]."[8]

Indeed, the Third Circuit has affirmed dismissal of a Federal Tort Claims Act case that presses virtually the same police report/sum certain argument that the Plaintiff makes here. See White-Squire v. U.S. Postal Serv., 2009 WL 313338, at *1, 6 (D.N.J. Feb. 6, 2009), aff'd, 592 F.3d 453 (3d Cir. 2010).

In that case, White-Squire, a plaintiff submitted a police report with her notice of claim, but no specific information as to damages. See id. The police report "allegedly describe[ed]" the incident. See id. The district court dismissed the case, noting the lack of sum certain information, see id. at *5 --- and the Third Circuit affirmed on the same grounds. See White-Squire, 592 F.3d at 455. "[The plaintiff] never submitted . . . a sum certain demand for damages to the USPS." Id. "In the absence of a demand for a sum certain jurisdiction

---

[8] Some cases have held that even submission of medical records may be not enough to clear the sum certain hurdle if there is no included damages calculation, made based on the records. See, e.g., Meehan v. Taylor, 2013 WL 4517943, at *4-5 (D.N.J. Aug. 26, 2013) (plaintiff must "present information from which an agency may directly infer or compute the total value of a claimant's damages," and holding that even medical records, "devoid of any monetary data, cannot act to fulfill the sum certain requirement."); Weiner v. Garone, 2009 WL 1795799, at *1 (D.N.J. June 23, 2009) (no jurisdiction where plaintiff submitted medical records and a ledger of medical expenses, but "still did not specify a sum certain amount of damages").

is lacking, and the District Court properly dismissed [the plaintiff's] claim." Id. 460.

The Third Circuit's decision is controlling here.

And it is consistent with how courts have generally proceeded --- holding that submission of a police report is not enough, standing alone, to meet the sum certain test. See Farmer v. Marshall, 2022 WL 228020, at *2, 4-5 (D. Md. Jan. 25, 2022) (no sum certain stated, and therefore no jurisdiction, where plaintiff attached a police report describing relevant incident); Vargas v. Eckhardt, 2018 WL 6318378, at *1 (D.N.J. Dec. 3, 2018) (same); see also Hardie v. United States, 2018 WL 5268112, at *1-2 (E.D.N.Y. Oct. 23, 2018) (no jurisdiction where plaintiff provided insufficient substantiation of a requested sum certain, even though the plaintiff submitted a police report) Tamares v. United States, 2009 WL 691002, at *1, *4 (S.D.N.Y. Mar. 17, 2009) (no jurisdiction where plaintiff's claimed damages were "wholly unsubstantiated," even though the plaintiff submitted a police report).

The Plaintiff, in short, tries to rely on a police report to satisfy her sum certain obligation. But standing alone, that is not enough --- the Third Circuit has so held, and so have other courts around the country.

### B. The Insurer's Letter

As set out above, see Part III.A, the Plaintiff's notice of claim does not satisfy the Federal Tort Claims Act's "present[ation]" requirement.

The Plaintiff's fallback argument is that the United States was indeed "present[ed]" with a timely and sum certain claim --- by means of an April 2020 letter about $10,000 in medical expenses. See Opposition Brief at 5 (citing Herbst Decl., Ex. C.).

This, though, is not persuasive.

Under the Federal Tort Claims Act, the onus of presenting a claim is on the claimant. See 28 U.S.C. § 2675(a) ("An action shall not be instituted . . . unless the claimant shall have first presented the claim") (emphasis added).

But the April 2020 letter did not come from the Plaintiff. Rather, it came from an insurance company.

9

To be sure, it would make little sense if a claimant could not get credit under the Federal Tort Claims Act when someone sends in a claim on her behalf. And the relevant regulations track that intuition --- allowing for information to be submitted by the claimant's "duly authorized agent or legal representative." 28 C.F.R. § 14.2(a); see also Bialowas, 443 F.2d at 1049.

But the insurance company that sent in the April 2020 letter was not the Plaintiff's "legal representative." 28 C.F.R. § 14.2(a).

And there can be no suggestion it was the Plaintiff's "agent." 28 C.F.R. § 14.2(a). The insurer was not trying to collect for, or negotiate on behalf of, the Plaintiff. Rather, by its April 2020 letter the insurer was trying to exercise its subrogation rights.[9] It was trying to get paid back for the $10,000 it had already paid out for its insured, the Plaintiff. This was the insurance company working on behalf of its itself --- not on behalf of another, as an agent necessarily does. See generally Restatement (Third) Of Agency § 1.01 (2006); cf. Douglas R. Richmond, Trust Me: Insurers Are Not Fiduciaries to Their Insureds, 88 Ky. L.J. 1, 20 (2000) ("The insurer is never cast as the insured's agent.").

In short: the Plaintiff or someone acting for her was required to present her claim --- and that obligation cannot be satisfied by showing that an insurance company presented its claim.

This conclusion is buttressed by a variety of federal court opinions. See Modrell v. United States, 2007 WL 895862, at *5 (W.D. Wash. Mar. 21, 2007) ("plaintiff cannot rely on [the insurer's] submissions to support [the plaintiff's] claim . . . . [where] there is no evidence to suggest [the insurer] was a 'duly authorized agent' or 'legal representative' with authority to present a claim on plaintiff's behalf"); Pinchasow v. United States, 408 F. Supp. 2d 138, 144 (E.D.N.Y. 2006), aff'd, 2006 WL 3370714 (2d Cir. Nov. 20, 2006) (claim submitted by a plaintiff's insurer "did not put defendant on notice of the existence or amount of plaintiff's claim, nor can it substitute for the notice plaintiff was required by statute

---

[9] "Subrogation permits an insurer that has paid its insured to assert the insured's rights against the tortfeasor and thereby recover its payment." St. Paul Fire & Marine Ins. Co. v. Turner Const. Co., 317 F. App'x 219, 220 (3d Cir. 2009), as amended (Mar. 27, 2009).

to present"); see generally Tamares, 2009 WL 691002, at *4 ("a plaintiff's burden is not relieved simply because the agency received relevant materials from a separate claimant for a separate claim, even if the two claims arose out of the same event").

## IV. Conclusion: Lack of Jurisdiction

During the two-year period she had, see 28 U.S.C. § 2401(b), the Plaintiff was required to properly present a claim to the United States, as required under the Federal Tort Claims Act. See Part II. She did not do so. The notice of claim does not count because it did not meet the sum certain requirement. See Part III.A. And the insurance company's claim does not count because it was not made on behalf of the Plaintiff. See Part III.B.

As to the obligations the Plaintiff did not meet, the Third Circuit has held that these are jurisdictional. See White-Squire, 592 F.3d at 457 ("demand for a sum certain . . . [is] jurisdictional"); Deutsch, 67 F.3d at 1091 ("The requirements that a claimant timely present a claim, do so in writing, and request a sum certain are jurisdictional prerequisites to a suit under the FTCA."); see also Turner, 514 F.3d at 1200 ("If the claimant fails to provide a sum certain within the claim, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case.") (cleaned up); Blair, 304 F.3d at 865 ("there is a jurisdictional requirement of a 'sum certain' that comes from 28 U.S.C. § 2675"); Kokaras, 980 F.2d at 22 ("a timely-presented claim stating a sum certain is necessary for a court to have jurisdiction to entertain a suit against the United States under the FTCA"); Adams, 807 F.2d 321 ("The requirement that the claim state a specific dollar sum . . . is jurisdictional and cannot be waived."); Perry, 423 F. Supp. 3d at 76 ("Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional.") (cleaned up); Tamares, 2009 WL 691002, at *4 (no jurisdiction where only potentially substantiated sum certain claim presented to the relevant agency was by plaintiff's insurer, as part of a separate claim); Modrell, 2007 WL 895862, at *5 (same).

11

Because the Plaintiff did not comply with such jurisdictional[10] requirements, the United States' sovereign immunity remains intact. It has not been waived, and the Court therefore has no jurisdiction over this case. See White-Squire, 592 F.3d at 459-60; Deutsch, 67 F.3d at 1091. Accordingly, the case must be dismissed.

\* \* \*

The Defendant's motion for summary judgment is granted.

---

[10] The Plaintiff does not make any argument as to whether there is daylight between (a) the rule that failure to comply with the Federal Tort Claims Act's presentation requirement is jurisdictional, and (b) the Supreme Court's recent decision in Wilkins v. United States, 598 U.S. 152 (2023). Compare, e.g., Wilkins, 598 U.S. at 158-59 ("clear statement" required to hold a statutory provision jurisdictional, and declining to find such a statement in part because of "separation" of relevant provisions into different portions of the federal code) with White-Squire, 592 F.3d at 457 ("although the sum certain requirement is not set forth in the text of § 1346, the sum certain requirement is nevertheless tethered to the grant of jurisdiction" by the phrase "subject to the provisions of chapter 171" in 28 U.S.C. § 1346(b)(1)) (cleaned up). (If the Act's presentation requirement were not jurisdictional, there would perhaps be one less reason to invoke the interpretive principle under which courts strictly construe waivers of immunity that open the door to jurisdiction. See generally, e.g., Sossamon v. Texas, 563 U.S. 277, 285 (2011) (describing this general interpretive principle); Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999) (same). And without that interpretive principle as part of the mix, there might not be quite the same basis for construing the Federal Tort Claim Act's requirement of a "claim," 28 U.S.C. § 2675(a), as a requirement that the claim include a sum certain. Cf. generally Allgeier v. United States, 909 F.2d 869, 870, 878 (6th Cir. 1990) (holding that interpreting the statute to require a sum certain "is consistent with the principle that the Federal Tort Claims Act, as a statute waiving sovereign immunity, must be complied with strictly"); White-Squire, 592 F.3d at 456 (invoking strict construal) and id. at 459-460 (underscoring sum certain interpretation of the Act).)

It is on this 17th day of April, 2024 **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.